**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2066-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DOUGLAS L. BATTLE,

     Defendant-Appellant.

_____

Submitted April 27, 2020 – Decided May 15, 2020

Before Judges Sumners and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Accusation No. 14-08-0379.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Elizabeth Marie Newton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Douglas Battle appeals from a November 16, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On March 12, 2013, defendant was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(2), second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). Defendant subsequently pled guilty to one count of aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as charged in a superseding accusation. Defendant also pled guilty to third-degree aggravated assault as charged in a separate indictment, which is not the subject of this appeal. In exchange for his guilty plea, the State dismissed the remaining charges in both indictments and defendant was sentenced to an aggregate twenty-year custodial sentence, with an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed his sentence and we considered his arguments on our excessive sentence oral argument calendar, see R. 2:9-11, and affirmed. Defendant did not seek certification.

At his plea hearing, defendant admitted he was guilty of the charges and stated that he entered the hallway of an apartment complex in Trenton late one night with a firearm and shot Wilfredo Rivera, Jr. He admitted that he was aware that firing his weapon at such close range would result in Mr. Rivera's death and, when he shot his weapon at Mr. Rivera, he did not care "whether he lived or died."

In addition to providing that factual statement, defendant stated he understood that he would be sentenced to a twenty-year term, subject to NERA, and acknowledged the following comments by the court:

> Mr. Battle, by pleading guilty you're giving up certain guaranteed constitutional rights. That would include the right to have a jury determine your guilt or innocence, the right of being presumed innocent by the jury, the right to have the State prove your guilt beyond a reasonable doubt, the right to testify at trial or to remain silent, your silence cannot be used against you, a right of confronting State's witnesses and evidence against you, the right of bringing in your own witnesses and evidence in your defense.

After further colloquy with defendant, the court accepted the negotiated plea finding that defendant entered it "voluntarily, with knowledge of the consequences."

At sentencing, the court considered the arguments of counsel and statements from family members of the victim, as well as defendant. After

finding aggravating factors three, six, and nine, <u>see</u> N.J.S.A. 2C:44-1(a)(3), (6) and (9), and no mitigating factors, the court sentenced defendant consistent with the plea agreement.[1]

Defendant filed a pro se PCR petition and certification which he supplemented by appointed PCR counsel's brief. Before the PCR court, defendant maintained his counsel was ineffective for, among other reasons, failing to: 1) challenge a witness' recantation and probable cause for the search warrant of his telephone records, 2) file pretrial motions, and 3) adequately prepare and confer with him prior to his plea. In his August 17, 2017 certification, defendant further explained his ineffectiveness claims, and proclaimed his innocence claiming he acted in self-defense.

In PCR counsel's brief, defendant also claimed that his plea counsel failed to conduct an adequate investigation and elicit a sufficient factual basis. PCR counsel also argued that defendant's sentencing counsel was ineffective for failing to advocate for mitigating factors at sentencing.

---

[1] Prior to sentencing, defendant advised the court in a written communication not in the record that he believed his plea counsel was ineffective and requested to withdraw his plea. Prior to sentencing, however, defendant stated on the record that he no longer sought to withdraw his plea and requested that the court proceed with sentencing.

A-2066-18T1

After considering the submissions of the parties and hearing oral arguments, Judge Thomas M. Brown denied defendant's petition in a comprehensive October 22, 2018 oral decision and coincident order concluding that defendant failed to establish a prima facie claim of ineffective assistance of either his plea or sentencing counsel under the standard established in Strickland v. Washington, 466 U.S. 668 (1984) and State v. Fritz, 105 N.J. 42 (1987).

Judge Brown rejected defendant's claim that his counsel was ineffective for allegedly failing to conduct an adequate investigation and interview witnesses because defendant failed to "to assert the facts that would have been revealed had his attorney conducted the investigation" and the facts defendant asserted were "unsupported by any affidavits or certifications." He concluded that defendant's "bald and conclusory assertions fail to identify credible exculpatory facts that an investigation would have revealed" and thus, defendant failed to make a prima facie showing of ineffective assistance of counsel.

Regarding defendant's argument that his counsel was ineffective for recommending a plea to first-degree aggravated manslaughter without an adequate factual basis to sustain such a charge, Judge Brown explained that defendant testified "he shot the victim . . . one time at close range[,]" that he "understood the likely result would be death which did occur[,]" and admitted

that he "did not care whether the victim lived or died when he shot him." He also noted that the factual basis was not inadequate merely because the only words defendant uttered were "yes" or "no." Citing State v. Campfield, 213 N.J. 218, 230 (2013) and State v. Sainz, 107 N.J. 283, 293 (1987), Judge Brown stated that defendant "may either explicitly admit guilt . . . or may acknowledge facts constituting the essential elements of the crime[,]" and here, defendant's factual basis "encompassed the elements of the crime and clearly demonstrate[d] an understanding of the nature of the charge to which he was pleading guilty[,]" as required by Rule 3:9-2.

Judge Brown further found that defendant could not establish that he suffered any prejudice from his counsel's representation during the plea as defendant "indicated he [was] satisfied" with his counsel during the plea colloquy, defendant "fully completed, initialed and signed the plea form[,]" and he "testified during the sentencing that trial counsel provide[d] effective assistance of counsel."

With respect to defendant's claim that his counsel failed to argue in support of any mitigating factors, Judge Brown found that his sentencing counsel "argued that [he] acted under provocation" in support of mitigating factor three, argued that the victim "may have induced or facilitated the

commission of defendant's conduct" in support of mitigating factor four, and noted that defendant "was a young man" and "has a family" in support of mitigating factor eleven. He concluded that defendant could not make a prima facie case of ineffective assistance on this claim "simply because the sentencing [c]ourt established that there were no mitigating factors to apply to the case."

Finally, the court concluded that defendant failed to establish that he was entitled to withdraw his plea under the four-part test detailed in State v. Slater, 198 N.J. 145 (2009). The court also denied defendant's request for an evidentiary hearing.

On appeal, defendant limits his arguments to the following contentions:

> POINT I
>
> THE [PCR] COURT ERRED WHEN IT FAILED TO CONCLUDE THAT PLEA COUNSEL'S FAILURE TO PRODUCE A FACTUAL BASIS FROM WORDS ARTICULATED BY DEFENDANT ESTABLISHING HIS GUILT AND WAIVING ANY CLAIM OF SELF[-]DEFENSE DEPRIVED DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> POINT II
>
> THE PCR COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT A NEW SENTENCE HEARING AS A RESULT OF TRIAL COUNSEL'S FAILURE TO ARGUE IN FAVOR OF MITIGATING FACTORS.

7

POINT III

THE PCR COURT ERRED WHEN IT FAILED TO
GRANT DEFENDANT'S REQUEST FOR AN
EVIDENTIARY HEARING BECAUSE THE PLEA
AND SENTENCING TRANSCRIPTS
ESTABLISHED A PRIMA FACIE CASE THAT
PLEA COUNSEL FAILED TO ESTABLISH
DEFENDANT WAIVED HIS RIGHT TO CLAIM
SELF[-]DEFENSE AND SENTENCING COUNSEL
FAILED TO ARGUE MITIGATING FACTORS.[2]

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed in Judge Brown's thoughtful written opinion. We add the following comments.

## II.

Because defendant's PCR petition is predicated on his claim that his plea and sentencing counsel were ineffective, he must satisfy the two-part test pronounced in <u>Strickland</u> by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687; <u>see also</u> <u>Fritz</u>, 105 N.J. at 58. The first prong

---

[2] We have reorganized and renumbered the points on appeal for the purposes of our analysis.

requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. It is the defendant's burden to prove by a preponderance of the evidence that counsel's decisions about trial strategy were not within the broad spectrum of competent legal representation. See Fritz, 105 N.J. at 52.

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense to the extent that the defendant was deprived of a fair and reliable trial outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### III.

In defendant's first point, he asserts his plea counsel was constitutionally ineffective because he improperly "produced a factual basis made up of entirely 'yes' and 'no' answers" and thus was not an "admission in defendant's own words." He also asserts that plea counsel failed to address defendant's assertions of self-defense, despite information contained in the presentence report that revealed witnesses "said the victim threatened to shoot defendant." He maintains that had counsel explained the claim of self-defense, he would have

"been [in] a position to knowingly waive his self[-]defense claim as part of his factual basis or to proceed to trial."

In his second point, defendant maintains that sentencing counsel was ineffective for failing to advocate for certain mitigating factors. Specifically, defendant contends that while counsel did make a sentencing argument it was "essentially an argument in a vacuum" as he never specifically referred to any of the statutory mitigating factors prescribed in N.J.S.A. 2C:44-1(b) and specifically those set forth in N.J.S.A. 2C:44-1(b)(3) (defendant acted under a strong provocation), (4) (substantial grounds to excuse defendant's conduct), (5) (the victim induced or facilitated the commission of the crime), (9) (defendant's character and attitude indicated that he was unlikely to commit another offense), and (11) (imprisonment will entail excessive hardship to him or his dependents), and had counsel advocated appropriately, defendant would have received less than the twenty-year NERA sentence.[3] We disagree with all these arguments.

---

[3] Defendant has not challenged the court's determination that he failed to establish relief under Slater, 198 N.J. at 145, and accordingly any argument related to that ruling is waived. See State v. Amboy Nat'l Bank, 447 N.J. Super. 142, 148 n.1 (App. Div. 2016) (noting an issue not briefed is deemed waived). We have nevertheless considered the merits of defendant's Slater-based claims and agree with Judge Brown that they are without merit.

A-2066-18T1

The record fully supports Judge Brown's determination that defendant, after admitting his guilt, provided an adequate factual basis for his plea, and that the court fully explained to defendant that by accepting the negotiated plea he was waiving the right to present "evidence in [his] defense." Further, counsel was not ineffective in how defendant stated the factual basis for the aggravated manslaughter charge. In this regard, we note that leading questions are permitted at a plea hearing to establish a factual basis for a plea. See Campfield, 213 N.J. at 231 ("judge's leading questions may be necessary to ensure an adequate factual basis for the guilty plea"); State v. Smullen, 118 N.J. 408, 415 (1990) (a plea will be valid even if factual basis for it is a result of leading questions).

Moreover, the facts here bear no resemblance to those in State v. Urbina, 221 N.J. 509 (2015), principally relied upon by defendant, which held that "before allowing a defendant to waive a claim of self-defense, we require 'a thorough and searching inquiry' into 'his or her understanding of the nature of the right being waived and the implications that flow from that choice." Id. at 528 (quoting State v. Handy, 215 N.J. 334, 362 (2013)). In that case, the defendant stated during the plea colloquy that he pulled out his gun after the victim and his cousin pulled out their guns. Id. at 529. The Urbina Court

A-2066-18T1

determined that after hearing defendant's statements, "the trial court should have explored whether defendant was claiming he acted in self-defense . . . ensure[d] that defendant truly understood the law of self-defense . . . [and] understood that the State had the burden to disprove self-defense once asserted." Ibid.

The Urbina Court, however, also held that the trial court must inquire whether defendant is factually asserting self-defense "if a suggestion of self-defense is raised in the plea colloquy." Id. at 528. Here, defendant did not raise his self-defense claim before pleading guilty, and there were no indications during the plea colloquy to suggest that defendant was acting in self-defense when he shot the victim.

Significantly, defendant's statements before the plea and sentencing courts, as well as his own PCR submissions, established the legal insufficiency of any self-defense claim.[4] At the plea hearing, defendant admitted he was guilty and acknowledged that he walked into the apartment building with a gun, he understood firing his gun at close range would likely result in the victim's death, he shot the victim, and he did not care whether the victim lived or died.

---

[4] We note that in support of his argument regarding the insufficiency of his factual basis, defendant relies on the presentence report to support his belated argument that he acted in self-defense. Nothing in that report, however, supports the claim that defendant was in imminent danger or that the victim possessed a weapon.

At the sentencing hearing, defendant further admitted to leaving the scene after his initial interaction with defendant and returned with a gun that he admitted discharging. Similarly, in PCR counsel's brief, defendant refers to that same portion of his sentencing hearing transcript when he admitted he "went to go get a gun" and "came back," but emphasizes that he "armed himself only after the victim threatened to kill him." Under these circumstances, a claim of self-defense was not cognizable. See State v. Kelly, 97 N.J. 178, 197 (1984) ("[S]elf-defense is justifiable 'when the actor reasonably believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.'" (quoting N.J.S.A. 2C:3-4(a))); see also State v. Rodriguez, 195 N.J. 165, 175 (2008) ("[I]f a person 'knows that he can avoid the necessity of using [deadly] force with complete safety by retreating,' he must do so or lose self-defense as a justification for his conduct." (quoting N.J.S.A. 2C:3-4(b)(2)(b)) (alteration in original)).

We also concur with Judge Brown that defendant's sentencing counsel was not ineffective for failing to specifically enumerate the statutory mitigating factors upon which he relied. Sentencing counsel advocated for leniency and relied on certain mitigating factors related to the crime and defendant's background stating:

My client has a child who is probably going to be an adult before he gets out. He was trying to leave that particular lifestyle. He recognized that participation in gangs was a no-brainer. It wasn't getting him anywhere. And, as you described it, it really was not benefitting anymore the way that the gang situation has deteriorated.

Be that as it may, he acted, he brought a gun, the gun went off and a man died. And he clearly has some responsibility – a lot of responsibility as to what happened that evening. Perhaps not alone, but he's the one that's here, and he's the one that did the shooting. All I can ask, Your Honor, is to recognize the fact that he was a young man at the time and that there was to some extent some provocation.

And certainly there was influence of many others who had preceded him. I think we can consider his family situation. There are a lot of things that influenced this young man the wrong way, and he just didn't have the opportunity to – the time to get out of it. I would ask Your Honor to be lenient.

Defendant's sentencing counsel was not ineffective as it is clear from the sentencing transcript that the court here comprehensively considered the aggravating and mitigating factors, finding certain aggravating factors and no mitigating factors.

We also agree with Judge Brown that defendant's petition failed to establish that he was prejudiced by his plea counsel's alleged ineffectiveness. Had defendant not accepted the plea, he faced going to trial on murder and

weapons offenses, exposing himself to a potential life sentence with a period of parole ineligibility of no less than thirty years. See N.J.S.A. 2C:11-3(a)(2). Given that the State's offer significantly reduced defendant's substantial sentencing exposure and period of parole ineligibility, defendant failed to establish that it would have been rational to reject the plea offer and that he probably would have done so. State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).[5] Similarly, defendant has failed to establish any prejudice related to his counsel's performance at sentencing. Finally, because defendant failed to establish a prima facie case of ineffective assistance, an evidentiary hearing was not required. State v. Preciose, 129 N.J. 451, 462 (1992).

---

[5] Citing State v. Mitchell, 126 N.J. 565, 577 (1992) and State v. D.D.M., 140 N.J. 83, 95 (1995), the State also maintains that defendant's claims related to his purported deficient factual basis are not "one of constitutional issue" and therefore not cognizable for PCR under Rule 3:22-2, particularly where, as here, defendant did not also proclaim his innocence. See Mitchell, 126 N.J. at 577; but see Urbina, 221 N.J. at 527 (recognizing that "[c]hallenges to the sufficiency of the factual basis for a guilty plea" may be brought "on post-conviction relief"). Because we find no substantive merit to defendant's PCR claims, we need not address this argument. For similar reasons, we do not resolve the State's claim that defendant was obligated to raise any error related to his factual basis on direct appeal and, having failed to do so, his petition is procedurally barred by Rule 3:22-4.

A-2066-18T1

To the extent we have not addressed any of defendant's arguments it is because we have concluded that they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2066-18T1